UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANGELA FREINER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:23-CV-982 HEA |
| | ) |
| JAMES JUDY, | ) |
| | ) |
| Defendant. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the motion of self-represented plaintiff Angela Freiner for leave to commence this civil action without prepayment of the required filing fee. [ECF No. 2]. Upon consideration of the financial information provided with the motion, the Court finds plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, for the reasons discussed below, plaintiff will be directed to show cause as to why this case should not be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

**Legal Standard**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as

true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**Plaintiff's Complaint**

Plaintiff, Angela Freiner, filed this action on August 7, 2023, by filing a typed complaint titled, "Complaint for Emotional Distress Tort Claim," naming James Judy, the co-parent of her minor child, as a defendant in this action.

In her complaint, plaintiff states that Judy, an alleged resident of Bozeman, Montana, engaged in a pattern of behavior "aimed at undermining the plaintiff's relationship with the offspring and causing emotional harm to the plaintiff." She asserts that he "interfered with

visitation rights, manipulated the offspring's perception of plaintiff, and intentionally undermined the plaintiff's role as a mother."

Plaintiff, purportedly a resident of St. Louis, Missouri, is suing defendant Judy under 28 U.S.C. § 1332, under federal diversity jurisdiction. She claims violations of Missouri State law: intentional infliction of emotional distress; alienation of her child's affections, including a purported withholding of her child's whereabouts for over a 10-month period; and violation of her parental rights. Plaintiff also appears to allege that defendant Judy made false claims during child custody hearings, forged legal documents relating to those hearings and as such, led to a temporary restraining order being instituted against plaintiff by a family court judge in Missouri State Court and plaintiff's eventual incarceration.

For relief in this action plaintiff states that she is seeking monetary damages in an amount over $75,000, including amounts due for lost wages, emotional distress, damages for building the parent-child relationship, amounts for attorneys' fees, and punitive damages.

**Background Facts**

Because this matter deals with child custody matters, the Court is unable to access the current Parenting Plan set forth in the child custody matter between plaintiff and defendant James Judy on Missouri.Case.Net. *See Freiner v. Judy*, No. 14SL-DR2617-02 (21st Jud. Cir., St. Louis County). And it is unclear from plaintiff's pleading exactly who has current custody over plaintiff's minor child. However, the Court takes judicial notice of several documents available on Case.Net pertinent to these proceedings.[1]

---

[1]Plaintiff's underlying state court cases were reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these public records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

On February 4, 2021, James Judy, represented by attorney Kathleen Shaul, filed an application for writ of habeas corpus against plaintiff Angela Freiner, who was originally represented by attorney Keith Fuller. *See Judy v. Freiner*, No. 21SL-DR00544 (21st Jud. Cir., St. Louis County). In his petition, James Judy alleged the following:

1. It is in the best interest of the minor child that the Court grant a Writ of Habeas Corpus ordering Respondent and, as necessary, law enforcement, to produce the parties' minor child, [D. J.], to Petitioner who shall be granted the sole physical and sole legal custody of the minor child until further order of the Court.
2. In support thereof, Petitioner states as follows:
    i. Mother refuses to return the minor child to Father in contumacious disregard of this court's modification judgment of **August 28, 2020**, awarding to Father residential custody of the parties' child.
    ii. Mother refuses to return the minor child to Father in contumacious disregard of this court's Temporary Restraining Order dated **January 15, 2021**.
    iii. Mother refuses to return the minor child to Father in contumacious disregard of this court's Preliminary Injunction Order dated **February 3, 2021.**

Petitioner sought return of the minor child in accordance with the February 3, 2021 Order of the St. Louis County Court, which was presumably issued in Case No. 14SL-DR2617-02. The matter was set for trial on April 15, 2022, in front of the Honorable Robert M. Heggie. After testimony, it was dismissed on May 11, 2022, with reference to Case. No. 14SL-DR2617-02. The Order of Dismissal stated:

> THIS CAUSE was called for hearing on James Judy's Motion to Modify Child Custody and Support. On November 5, 2021 and April 15, 2022 the Petitioner, James Judy appeared in person and by attorney Mrs. Kathleen Shaul, Angela Freiner appeared in person and represented herself. Additional trial testimony was also heard by WebEx on January 28, 2022 by WebEx, due to the ongoing pandemic, that testimony was stopped and not considered by the court due to audio issues that both parties had.
>
> Since the minor child was the subject of Mr. Judy's Application for Writ of Habeas Corpus has long been returned to Mr. Judy (See Cause Number 14SL-DR02617-02) the Court hereby dismisses the Application for Writ of Habeas Corpus as moot.

*Id.*

From review of the aforementioned Court documents, it appears that defendant James Judy was awarded custody of the minor child by St. Louis County Court in August of 2020. Despite the Court Order, plaintiff failed to return the minor child to James Judy throughout 2021. However, at some point in 2022, the minor child was returned to James Judy pursuant to the Court Order. Nonetheless, the Court is unable to ascertain who currently has legal custody of the minor child pursuant to the Parenting Plan. And plaintiff's allegations relative to "alienation of the child's affections," interference with custody and emotional distress do not allege a particular time frame or date of alleged occurrence such that the Court is unable to ascertain whether plaintiff is properly alleging a cause of action under Missouri law.

## Discussion

"In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006). The Court has the duty to determine its jurisdiction and raise the issue of subject matter jurisdiction *sua sponte*, if necessary. *See City of Kansas City, Mo. v. Yarco Co., Inc.*, 625 F.3d 1038, 1040 (8th Cir. 2010). The Court must dismiss any action over which it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

Federal courts are courts of limited jurisdiction. This Court has jurisdiction to hear cases involving the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331, and cases where diversity jurisdiction exists under 28 U.S.C. § 1332. If this Court lacks both diversity of citizenship and federal question jurisdiction, the case is subject to dismissal for lack of jurisdiction. *See Auto-Owners Ins. Co. v. Tribal Ct. of Spirit Lake Indian Rsrv.*, 495 F.3d 1017, 1020-24 (8th Cir. 2007) (finding that subject matter jurisdiction is lacking where there is neither diversity of citizenship nor federal question jurisdiction).

- 5 -

Plaintiff's complaint fails to establish this Court's jurisdiction as currently stated. The Court has diversity jurisdiction under 28 U.S.C. § 1332 over cases where the citizenship of each plaintiff is different from the citizenship of each defendant, and where the amount in controversy is more than $75,000. *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). Plaintiff claims that the parties are residents of different states; however, "[d]iversity jurisdiction requires that the parties be 'citizens of different States.'" *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987)) (quoting 28 U.S.C. § 1332(a)(1)) (emphasis in original) (agreeing with district court that complaint stating individual's residency, but not citizenship, failed to establish diversity jurisdiction). "[T]he term 'citizen' in 28 U.S.C. § 1332 has long meant something different from 'resident,'" and "[a] complaint or notice of removal resting on residency...will not establish citizenship for diversity jurisdiction." *Hargett v. RevClaims, LLC*, 854 F.3d 962, 965 (8th Cir. 2017) (citation omitted). And although "[f]or purposes of federal jurisdiction, 'domicile' and 'citizenship' are synonymous terms," *Eckerberg v. Inter-State Studio & Publ'g Co.*, 860 F.3d 1079, 1086 (8th Cir. 2017), the Court is unaware of any Eighth Circuit or Supreme Court authority stating that merely alleging that an individual's "home address" is in a particular state is sufficient to allege domicile. Plaintiff's allegations regarding she and defendant's residency does not establish citizenship; thus, she fails to establish diversity jurisdiction for this reason alone.

Furthermore, plaintiff has not properly alleged the amount in controversy. Regarding the amount in controversy, a complaint making a good faith allegation of the jurisdictional amount is sufficient to confer jurisdiction. *Scottsdale Ins. Co. v. Universal Crop Prot. All., LLC*, 620 F.3d 926, 931 (8th Cir. 2010). However, a "complaint will be dismissed if it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Id. See also Kopp v. Kopp*, 280 F.3d 883, 884 (8th Cir. 2002). "The legal certainty standard is met where the legal impossibility of

recovery is so certain as virtually to negative the plaintiff's good faith in asserting the claim." *Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 995 (8th Cir. 2017).

As set forth above under the "Background" section of this Opinion, Memorandum and Order, plaintiff's allegations are difficult to discern because she has not indicated when they allegedly occurred and if she had proper legal custody of the minor child at that time. It appears that plaintiff is bringing claims against defendant for emotional distress, alienation of her child's affections and violation of her parental rights. However, the claim of alienation of the affections of a child is not a recognized tort in Missouri. *See Hester v. Barnett*, 723 S.W.2d 544, 555–56 (Mo.Ct.App.1987). Likewise, plaintiff's claim of intentional infliction of emotional harm is not a tort in this context. An "action for intentional infliction of emotional distress cannot be maintained where the underlying claim for alienation of affection is not actionable and the emotional distress is the alleged consequence of the same acts which caused the child[ ] to separate from the parent." *R.J. v. S.L.J.*, 810 S.W.2d 608, 609 (Mo.Ct.App.1991).[2]

Even if plaintiff were to establish one of the aforementioned torts, and as such, a claim to damages, her complaint fails to properly allege such damages. Plaintiff has stated in a conclusory manner that she suffered lost wages in an amount of $100,000. However, she has failed to indicate in her complaint where this amount arose, as there is no mention in the complaint that she suffered loss of her employment because of defendant Judy's actions. There is nothing in the complaint to substantiate the fact that plaintiff lost wages in the amount quoted in the complaint, as she has not

---

[2] Plaintiff also alleges that defendant illegally harbored her child, but even assuming this is a valid tort in Missouri, it may only be brought by a custodial parent, and the Court is unsure if she was the proper custodial parent during the time at which she was complaining. *See Kipper v. Vokolek*, 546 S.W.2d 521, 525–26 (Mo.Ct.App.1977); *see also Meikle v. Van Biber*, 745 S.W.2d 714, 716–17 (Mo.Ct.App.1987). Because none of these activities allegedly engaged in by the defendant are valid torts in Missouri, or if so, one which plaintiff can legitimately assert, it follows that the Missouri long-arm statute is not applicable to the defendant on these claims and damages are not available.

indicated what her employment entailed, how long she was out of work, and that her loss of employment could be attributed to defendant's actions as set forth in the complaint.

Similarly, plaintiff indicates that she is entitled to attorneys' fees in this action in an amount of $10,000 and punitive damages in an amount of $100,000. "[P]unitive damages are included in the amount in controversy," but "the existence of the required amount must be supported by competent proof." *OnePoint Sols., LLC v. Borchert,* 486 F.3d 342, 348 (8th Cir. 2007), quoting *Larkin v. Brown*, 41 F.3d 387, 388-89 (8th Cir.1994). To submit punitive damages to the fact finder in Missouri, a plaintiff must provide clear and convincing proof of a defendant's culpable mental state. *Peel v. Credit Acceptance Corp.*, 408 S.W.3d 191, 209 (Mo. Ct. App. 2013). A plaintiff establishes the culpable mental state by showing that the defendant "'committed an intentional wanton, willful, and outrageous act without justification or acted with reckless disregard for the [plaintiff's] rights and interest.'" *Peel*, 408 S.W.3d at 209-10 (emphasis and alteration in original) (quoting *Bailey v. Hawthorn Bank*, 382 S.W.3d 84, 103 (Mo. Ct. App. 2012)).

Additionally, although "[s]tatutory attorney[s'] fees do count toward the jurisdictional minimum for diversity jurisdiction," plaintiff must establish the statutory basis for such fees. *Crawford v. F. Hoffman-La Roche Ltd.,* 267 F.3d 760, 764 (8th Cir. 2001), citing *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933). In other words, plaintiff would need to allege that the causes of action under which she is bringing claims allow for statutory attorneys' fees in order to include these fees in the jurisdictional amount.

Federal question jurisdiction under 28 U.S.C. § 1331 gives district courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States. *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1188 (8th Cir. 2015). Whether a claim arises under federal law is determined by reference to the "well-pleaded complaint." *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016)

(internal citations omitted). The well-pleaded complaint rule provides that jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint. *Id.*

To the extent plaintiff is simply contesting a state-court custody decision regarding her child and attempting to do an end-run around Missouri family court, such an action does not arise under the Constitution, laws, or treaties of the United States. Moreover, this Court lacks jurisdiction over cases involving child custody under the domestic relations exception to federal court jurisdiction. In general, federal courts have no jurisdiction over domestic relations matters. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). Rather, state courts have exclusive jurisdiction over these matters. *Id.* at 703-04. "The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States." *Ex parte Burrus*, 136 U.S. 586, 593-94 (1890); *see also Kahn v. Kahn*, 21 F.3d 859, 861 (8th Cir. 1994) ("The domestic relations exception … divests the federal courts of jurisdiction over any action for which the subject is a divorce, allowance of alimony, or child custody.") (internal citations omitted).

Nothing in plaintiff's complaint indicates that the Court has jurisdiction over this matter. The instant action does not arise under the Constitution, laws, or treaties of the United States, so federal question jurisdiction pursuant to 28 U.S.C. § 1331 is inapplicable. Diversity jurisdiction under 28 U.S.C. § 1332 does not exist here because it appears that plaintiff and defendants are all are citizens of the same state. As a result, plaintiff will be required to show cause, within twenty-one (21) days of the date of this Memorandum and Order, why this action should not be dismissed for lack of subject matter jurisdiction.

## Motion for Appointment of Counsel

Plaintiff has also filed a motion seeking appointment of counsel in this action. The motion will be denied at this time. In civil cases, a pro se litigant does not have a constitutional or statutory

right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated that she can adequately present her claims to the Court and neither the factual nor the legal issues in this case appear to be complex.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff will be required to show cause, **within twenty-one (21) days of the date of this Memorandum and Order**, why this action should not be dismissed for lack of jurisdiction.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with the Court's Order, this action may be dismissed, without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF NO. 3] is **DENIED at this time**.

Dated this 10th day of August, 2023.

                                                                               *Henry Edward Autrey*
                                                                               HENRY EDWARD AUTREY
                                                                               UNITED STATES DISTRICT JUDGE