**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| ANGELA FREINER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23-CV-982 HEA |
| | ) | |
| JAMES JUDY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION, MEMORANDUM AND ORDER**

Before the Court is plaintiff Angela Freiner's post-dismissal motion to vacate the dismissal

and reopen this matter. [ECF No. 7]. Plaintiff has also filed a motion for leave to file a post-

dismissal motion to amend the complaint. [ECF No. 9]. Last, plaintiff filed a motion seeking to be

appointed as next friend for her daughter, D.L.[1] [ECF No. 8]. After reviewing plaintiff's motions

in their entirety, the Court finds that it would be futile to reopen this case because the Court lacks

jurisdiction over this matter. Plaintiff's motion to vacate the dismissal and reopen this matter, as

well as her motion for leave to file an amended complaint, will therefore be denied. [ECF Nos. 7

and 9]. Plaintiff's motion to proceed as next friend for her daughter, D.L., will also be denied.

[ECF No. 8].

**Background**

Plaintiff, Angela Freiner, a self-represented litigant, filed the instant action pro se and in

forma pauperis on August 7, 2023, by filing a typed complaint titled, "Complaint for Emotional

Distress Tort Claim," naming James Judy, the co-parent of her minor child, as a defendant in this

action. [ECF No. 1]. Plaintiff alleged that Judy, an alleged resident of Bozeman, Montana, engaged

---

[1]Plaintiff alternatively refers to her daughter as D.L. and D.J.  For ease of reference the Court will refer to plaintiff's daughter as D.L.

in a pattern of behavior "aimed at undermining the plaintiff's relationship with [her] offspring and causing emotional harm to the plaintiff." She asserted that he "interfered with visitation rights, manipulated the offspring's perception of plaintiff, and intentionally undermined the plaintiff's role as a mother."

Plaintiff, purportedly a resident of St. Louis, Missouri, sued Judy under 28 U.S.C. § 1332, federal diversity jurisdiction. She claimed violations of Missouri State law, including intentional infliction of emotional distress; alienation of her child's affections; and violation of her parental rights. Plaintiff also appeared to allege that defendant Judy made false claims during child custody hearings, forged legal documents relating to those hearings and as such, led to a temporary restraining order being instituted against plaintiff by a family court judge in Missouri State Court and plaintiff's eventual incarceration. For relief, plaintiff sought monetary damages over $75,000, including claims for lost wages, emotional distress damages, damages for building the parent-child relationship, amounts for attorneys' fees and punitive damages.

Because plaintiff was proceeding in forma pauperis, the Court reviewed her complaint pursuant to 28 U.S.C. § 1915 on August 10, 2023. The Court issued an Order to Show Cause on that date as to why the matter should not be dismissed for lack of subject matter jurisdiction. [ECF No. 4]. The Court specifically noted that because this action dealt with state court child custody matters between plaintiff and Judy, *see Freiner v. Judy*, No. 14SL-DR2617-02 (21st Jud. Cir. St. Louis County), the Court had to abstain from jurisdiction over the case under the domestic relations exception. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). Additionally, even if the case did not deal with domestic relations issues, plaintiff's claims against Judy failed to establish either diversity jurisdiction under 28 U.S.C. § 1332 or federal question jurisdiction under 28 U.S.C. §

1331. For example, plaintiff had failed to state the citizenship of the parties,[2] and she had not

properly alleged that the amount in controversy exceeded $75,000.[3] Furthermore, plaintiff had

failed to establish subject matter jurisdiction because on the face of her complaint it was evident

she was only contesting child custody matters. Plaintiff was given until August 31, 2023, to

respond to the Order to Show Cause to establish why this matter should not be dismissed for lack

of jurisdiction.

On September 5, 2023, the Court dismissed this matter pursuant to Federal Rule of Civil

Procedure 41 due to plaintiff's failure to timely respond to the Order to Show Cause. However, on

September 12, 2023, plaintiff filed a motion to vacate the Order of Dismissal and reopen this

matter, in which she acknowledges that she failed to file her response in a timely manner. [ECF

No. 7]. She claims that her delay in responding to the Order to Show Cause was because she did

---

[2]Although plaintiff claimed in her complaint that the parties were residents of different states, diversity jurisdiction requires that the parties be "citizens" of different states. *See Sanders v. Clemco Indus.,* 823 F.2d 214, 216 (8th Cir. 1987)) (quoting 28 U.S.C. § 1332(a)(1)) (emphasis in original) (agreeing with district court that complaint stating individual's residency, but not citizenship, failed to establish diversity jurisdiction). "[T]he term 'citizen' in 28 U.S.C. § 1332 has long meant something different from 'resident,'" and "[a] complaint or notice of removal resting on residency...will not establish citizenship for diversity jurisdiction." *Hargett v. RevClaims, LLC*, 854 F.3d 962, 965 (8th Cir. 2017) (citation omitted). And although "[f]or purposes of federal jurisdiction, 'domicile' and 'citizenship' are synonymous terms," *Eckerberg v. Inter-State Studio & Publ'g Co.,* 860 F.3d 1079, 1086 (8th Cir. 2017), the Court is unaware of any Eighth Circuit or Supreme Court authority stating that merely alleging that an individual's "home address" is in a particular state is sufficient to allege domicile.

[3]The Court explained to plaintiff that several of her state law claims were untenable. For example, from review of the child custody case, the Court was unable to discern exactly which party had legal custody of the child during the time frame plaintiff complained she was taken in this matter. Thus, plaintiff would be unable to substantiate damages for claims unless she could prove proper legal custody. *See Kipper v. Vokolek,* 546 S.W.2d 521, 525–26 (Mo.Ct.App.1977); *see also Meikle v. Van Biber*, 745 S.W.2d 714, 716–17 (Mo.Ct.App.1987). Moreover, the claim of alienation of affections of a child is not a recognized tort in Missouri. *See Hester v. Barnett*, 723 S.W.2d 544, 555–56 (Mo.Ct.App.1987). Likewise, plaintiff's claim of intentional infliction of emotional harm is not a tort in this context. An "action for intentional infliction of emotional distress cannot be maintained where the underlying claim for alienation of affection is not actionable and the emotional distress is the alleged consequence of the same acts which caused the child[ ] to separate from the parent." *R.J. v. S.L.J.,* 810 S.W.2d 608, 609 (Mo.Ct.App.1991). Last, although plaintiff claimed she lost over $100,000 in lost wages, she had failed to substantiate such a claim because she failed to indicate what her employment was, how long she was out of work, or that her loss of employment could be attributed to defendant's actions.

not receive the Court's Order until August 17, 2023. Thus, she was unaware of when her response was due to the Court. However, a litigant's pro se status, confusion about time periods or lack of legal resources is inadequate to warrant equitable tolling of the relevant time period. *See, e.g., Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004) (applying principal to habeas corpus matters); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) (same). Regardless, plaintiff argues that the "circumstances surrounding this case justify reevaluation of the dismissal."

**Proposed Amended Complaint**

Plaintiff Angela Freiner titles her proposed amended complaint, "Order to Show Cause." [ECF No. 9-1]. It is typed and numbers twenty-nine (29) pages. Submitted with her proposed amended complaint is plaintiff's motion seeking to be appointed as next friend for her daughter, D.L., in this matter. [ECF No. 8]. Plaintiff has not submitted a memorandum in support of her motion seeking to be appointed as next friend for D.L., and there is no indication in the proposed amended complaint that she is seeking to bring claims on D.L.'s behalf.

The proposed amended complaint names James Judy, D.L.'s father, and his wife, Cerissa Judy, as well as John/Jane Does 1-20. Plaintiff brings two counts for civil rights conspiracy under 42 U.S.C. § 1983, as well as Missouri State law claims for abuse of process and intentional infliction of emotional distress. Plaintiff also requests a grand jury investigation into the "actions of Defendants James Scott Judy, Cerissa Patrice Judy and John/Jane Doe 1 through 20." Plaintiff seeks monetary and punitive damages in excess of two million dollars.

In the opening paragraphs of her proposed amended complaint, plaintiff asserts that she believes that defendants have conspired with "governmental entities and private citizens" to undermine her rights and prevent her from "experiencing the companionship, love, and affection

4

of [her] offspring, [D.L.] while also interfering with [her] fundamental right to familial ties and the experience of [her] offspring's companionship, love and affection."

Plaintiff acknowledges in her proposed amended complaint that a trial relating to D.L.'s custody took place in St. Louis County Court on or about August 14, 2020. [ECF No. 9, pp. 9-10]. *See Freiner v. Judy*, No. 14SL-DR2617-02 (21st Jud. Cir. St. Louis County). She states that custody of D.L. was awarded to defendant Judy at that time. However, she complains that she and Judy continued to fight over custodial issues relating to D.L. well into December of 2020. *Id*. at p. 11.

Plaintiff complains that the family court judge, Nicole Zellweger, denied her motion to amend or modify the custody plan on December 23, 2020. Nonetheless, D.L. refused to return to her father's custody after Christmas break, and she asked to remain in her mother's custody in early January of 2021. [ECF. No. 9, p. 12]. Judy filed a restraining order seeking to have custody of Judy on or about January 11, 2021, and on January 14, 2021, he sought sole legal and physical custody of D.L.

Purportedly, Judy was granted a restraining order on or about January 14, 2021, granting him sole legal and physical custody on a temporary basis, but his attempts at removal were met with difficulty. Thus, Judy was granted sole legal and physical custody by Zellweger on or about January 29, 2021, during a preliminary injunction hearing, and plaintiff was ordered to relinquish custody at the St. Louis County courthouse on February 3, 2021. Plaintiff claims that D.L. "chose not to attend" that day. *Id.* at 13.

On February 5, 2021, Judge Zellweger issued a show cause as to plaintiff for criminal contempt due to plaintiff's failure to turn over D.L., giving plaintiff until February 10, 2021, to do so. Plaintiff contacted Missouri Department of Children and Family Services "on behalf of D.L."

on February 9, 2021, and on February 10, 2021, an unnamed person placed D.L. in a "mental ward in St. Louis Children's Hospital. *Id.* at 14.

Plaintiff asserts that she was imprisoned on charges of criminal contempt. *Id.* And D.L. had two court-appointed Guardian ad litems appointed in her case. On March 3, 2021, after plaintiff went to the news media about the custody case, Judge Zellweger recused herself from the custody matters. And on March 5, 2021, D.L. was transported by her uncle, Judy's brother, to what appears to be her father's custody. [ECF. No. 9, p. 16].

Plaintiff was formally indicted on criminal contempt charges on April 21, 2021. Plaintiff asserts that she lacked any custody over D.L. throughout 2021. However, on May 11, 2022, a new parenting plan was instituted that allowed for some "therapeutic virtual contact" between plaintiff and D.L. Although sole legal and physical custody was assigned to Judy. *Id.* at 19. Plaintiff's criminal case was eventually dismissed pursuant to "nolle presequi."

## Legal Standards

### A. Standard for Amendments in a Closed Case

Under the Federal Rules of Civil Procedure, the Court should freely grant leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2). However, following dismissal, the right to amend a complaint under Fed. R. Civ. P. 15(a) terminates. *Humphreys v. Roche Biomedical Laboratories, Inc.*, 990 F.2d 1078, 1082 (8th Cir. 1993) (internal citation omitted). Leave to amend may still be granted in the Court's discretion, *id.*, but a plaintiff does not enjoy the absolute or automatic right to amend a deficient complaint. *See U.S. ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 822 (8th Cir. 2009). In other words, "interests of finality dictate that leave to amend should be less freely available after a final order has been entered." *Id.* at 823. According to the Eighth Circuit,

this Court has "considerable discretion to deny a post-judgment motion for leave to amend because such motions are disfavored." *Id.* at 824.

Furthermore, amendment is properly denied when allowing it would be futile because the proposed amended complaint cannot withstand initial review under 28 U.S.C. § 1915(e)(2). *See Baptist Health v. Smith*, 477 F.3d 540, 544 (8th Cir. 2007) (stating that "there is no absolute right to amend" and that a court may deny a motion to amend for multiple reasons including a finding of futility) (internal citation omitted); *Holloway v. Dobbs*, 715 F.2d 390, 392 (8th Cir. 1983) (finding district court justified in denying plaintiff leave to amend because the "complaint, as amended, could not withstand a motion to dismiss."). *E.g., Coleman v. Ramada Hotel Operating Co.*, 933 F.2d 470, 473 (7th Cir. 1991) ("Although the federal rules generally favor a liberal amendment policy, justice does not demand that [a plaintiff] be given leave to append frivolous or repetitive allegations to [his or] her complaint at any stage in the proceedings.").

### B.  *Standard for Initial Review in In Forma Pauperis Proceedings*

Plaintiff is proceeding in forma pauperis in this action. Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific

task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law.  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

### C.  *Jurisdictional Standard*

Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed.R.Civ.P. 12(h)(3). A Rule 12(h)(3) motion to dismiss is evaluated under the same standards as a motion to dismiss under Rule 12(b)(1). *Gates v. Black Hills Health Care Sys.,* 997 F. Supp. 2d 1024, 1029 (D.S.D. 2014) (citing *Berkshire Fashions, Inc. v. M.V. Hakusan II*, 954 F.2d 874, 879 n.3 (3d Cir. 1992)). The plaintiff has the burden of proving jurisdiction exists. *VS Ltd. P'ship v. Dep't of Hous. & Urban Dev.,* 235 F.3d 1109, 1112 (8th Cir. 2000) (citation omitted). A district court has the authority to dismiss an action for lack of subject-matter jurisdiction on any one of three separate bases: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."

*Johnson v. United States*, 534 F.3d 958, 962 (8th Cir. 2008) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).

## Discussion

### A. *Futility of the Post-Dismissal Motion to Amend the Complaint*

#### 1. Domestic Relations Exception to Federal Court Jurisdiction Applies

Plaintiff's motion to amend in this case will be denied. Granting the motion to amend would be futile because the proposed amended complaint cannot withstand initial review under 28 U.S.C. § 1915(e)(2)(B). Plaintiff acknowledges that this matter is intertwined with child custody matters and as such, this Court must decline to exercise jurisdiction under the domestic relations exception to federal court jurisdiction. In general, federal courts have no jurisdiction over domestic relations matters. *See Ankenbrandt*, 504 U.S. at 703. Rather, state courts have exclusive jurisdiction over these matters. *Id.* at 703-04. "The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States." *Ex parte Burrus,* 136 U.S. 586, 593-94 (1890); *see also Kahn v. Kahn*, 21 F.3d 859, 861 (8th Cir. 1994) ("The domestic relations exception … divests the federal courts of jurisdiction over any action for which the subject is a divorce, allowance of alimony, or child custody.") (internal citations omitted).

#### 2. Plaintiff's Civil Conspiracy Claim Fails to State a Claim for Relief

Although plaintiff has attempted to assert federal question jurisdiction under 42 U.S.C. § 1983 by alleging a conspiracy between James Judy and state officials, namely the state court judge presiding over the custody matters, she has failed to properly allege such a claim. "To prove a § 1983 conspiracy claim against a particular defendant, the plaintiff must show: that the defendant conspired with others to deprive him or her of a constitutional right; that at least one of the alleged

co-conspirators engaged in an overt act in furtherance of the conspiracy; and that the overt act injured the plaintiff." *Askew v. Millerd*, 191 F.3d 953, 957 (8th Cir. 1999). *See also Burbridge v. City of St. Louis, Missouri*, 2 F.4th 774, 782-83 (8th Cir. 2021) (explaining that "[t]o prevail on a [42 U.S.C.] § 1983 conspiracy claim, [the plaintiff] must show that (1) the defendants agreed to deprive him of his constitutional rights; (2) at least one of the alleged coconspirators engaged in an overt act in furtherance of the conspiracy; and (3) [the plaintiff] was injured by the overt act"). Additionally, to prevail, the plaintiff is required to prove the deprivation of a constitutional right or privilege. *Riddle v. Riepe*, 866 F.3d 943, 948 (8th Cir. 2017). *See also Draper v. City of Festus, Mo.*, 782 F.3d 948, 953 (8th Cir. 2015). "Absent a constitutional violation, there is no actionable conspiracy claim." *In re Kemp*, 894 F.3d 900, 910 (8th Cir. 2018).

Regarding the first element, a "plaintiff must allege with particularity and specifically demonstrate with material facts that the defendants reached an agreement." *Holmes v. Slay*, 895 F.3d 993, 1001 (8th Cir. 2018). In other words, there must be some showing of "a meeting of the minds or understanding among the conspirators to achieve the conspiracy's aims." *See White v. McKinley*, 519 F.3d 806, 816 (8th Cir. 2008). This burden can be satisfied by a plaintiff "pointing to at least some facts which would suggest the defendants reached an understanding to violate his rights." *Boneberger v. St. Louis Metropolitan Police Dept.*, 810 F.3d 1103, 1109 (8th Cir. 2016).

Plaintiff has failed to properly allege that Judy and Judge Zellweger agreed to deprive plaintiff of her constitutional rights, or even allege which constitutional right she was purportedly denied by defendants. She has additionally failed to allege that Judy and Zellweger had a meeting of the minds, or worked in concert, to achieve the violation of her constitutional rights. And she has failed to properly allege what acts defendants allegedly engaged in, with specificity, to injure her, besides the change in D.L.'s custody status.

The lack of civil conspiracy claims under § 1983 means that the Court lacks jurisdiction over this matter under federal question jurisdiction. The Court also lacks diversity jurisdiction over this matter.

### 3.  The Court Lacks Jurisdiction Over the Proposed Amended Complaint

As noted in the Court's Order to Show Cause, federal courts are courts of limited jurisdiction. This Court has jurisdiction to hear cases involving the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331, and cases where diversity jurisdiction exists under 28 U.S.C. § 1332. If this Court lacks both diversity of citizenship and federal question jurisdiction, the case is subject to dismissal for lack of jurisdiction. *See Auto-Owners Ins. Co. v. Tribal Ct. of Spirit Lake Indian Rsrv.*, 495 F.3d 1017, 1020-24 (8th Cir. 2007) (finding that subject matter jurisdiction is lacking where there is neither diversity of citizenship nor federal question jurisdiction). As the Court noted above, plaintiff's civil conspiracy claim, brought pursuant to 42 U.S.C. § 1983, fails to allege a claim for relief. And the rest of plaintiff's claims in her proposed amended complaint are Missouri state law claims, including abuse of process, interference with the parent child relationship and intentional infliction of emotional distress. Thus, plaintiff can only establish jurisdiction in this Court under the Court's diversity statute. *See* 28 U.S.C. § 1332.

In her proposed amended complaint plaintiff alleges that she is a citizen of the State of Missouri and that the Judy defendants are citizens of the State of Montana. However, she still has not properly alleged the amount in controversy. Although she asserts that she is seeking in excess of two million dollars in both punitive and monetary damages, she has not substantiated her damages in her complaint.

Regarding the amount in controversy, a complaint making a good faith allegation of the jurisdictional amount is sufficient to confer jurisdiction. *Scottsdale Ins. Co. v. Universal Crop*

*Prot. All., LLC*, 620 F.3d 926, 931 (8th Cir. 2010). However, a "complaint will be dismissed if it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Id. See also Kopp v. Kopp*, 280 F.3d 883, 884 (8th Cir. 2002). "The legal certainty standard is met where the legal impossibility of recovery is so certain as virtually to negative the plaintiff's good faith in asserting the claim." *Peterson v. The Travelers Indem. Co.,* 867 F.3d 992, 995 (8th Cir. 2017).

However, the claim of alienation of the affections of a child is not a recognized tort in Missouri. *See Hester v. Barnett*, 723 S.W.2d 544, 555–56 (Mo.Ct.App.1987). Likewise, plaintiff's claim of intentional infliction of emotional harm is not a tort in this context. An "action for intentional infliction of emotional distress cannot be maintained where the underlying claim for alienation of affection is not actionable and the emotional distress is the alleged consequence of the same acts which caused the child[ ] to separate from the parent." *R.J. v. S.L.J.,* 810 S.W.2d 608, 609 (Mo.Ct.App.1991). And as set forth previously, because plaintiff was not the proper custodial parent, she cannot bring a claim for IIED when she was not the proper custodial parent. *See Kipper v. Vokolek*, 546 S.W.2d 521, 525–26 (Mo.Ct.App.1977); *see also Meikle v. Van Biber*, 745 S.W.2d 714, 716–17 (Mo.Ct.App.1987).

Similarly, plaintiff indicates that she is entitled to attorneys' fees and punitive damages. "[P]unitive damages are included in the amount in controversy," but "the existence of the required amount must be supported by competent proof." *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 348 (8th Cir. 2007), quoting *Larkin v. Brown*, 41 F.3d 387, 388-89 (8th Cir.1994). To submit punitive damages to the fact finder in Missouri, a plaintiff must provide clear and convincing proof of a defendant's culpable mental state. *Peel v. Credit Acceptance Corp.*, 408 S.W.3d 191, 209 (Mo. Ct. App. 2013). A plaintiff establishes the culpable mental state by showing that the defendant "'committed an intentional wanton, willful, and outrageous act without justification or acted with

12

reckless disregard for the [plaintiff's] rights and interest.'" *Peel,* 408 S.W.3d at 209-10 (emphasis and alteration in original) (quoting *Bailey v. Hawthorn Bank*, 382 S.W.3d 84, 103 (Mo. Ct. App. 2012)).

Additionally, although "[s]tatutory attorney[s'] fees do count toward the jurisdictional minimum for diversity jurisdiction," plaintiff must establish the statutory basis for such fees. *Crawford v. F. Hoffman-La Roche Ltd.,* 267 F.3d 760, 764 (8th Cir. 2001), citing *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933). In other words, plaintiff would need to allege that the causes of action under which she is bringing claims allow for statutory attorneys' fees to include these fees in the jurisdictional amount. Plaintiff has not done so in this instance.[4]

**Conclusion**

Because the domestic relations exception divests this Court of jurisdiction over plaintiff's proposed amended complaint, the Court declines to reopen the present matter or grant plaintiff's motion to amend her pleading. Additionally, even if the Court were able to review her proposed amended complaint, her civil conspiracy claim brought pursuant to 42 U.S.C. § 1983 raised in the proposed amended complaint fails to state a claim for relief, and the remaining state law claims do not establish diversity jurisdiction over this matter. Plaintiff has failed to make a good faith allegation of the jurisdictional amount sufficient to confer jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to vacate the order of dismissal [ECF No. 7] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to file a post-dismissal amended complaint [ECF No. 9] is **DENIED**.

---

[4]Plaintiff has failed to identify the allegations surrounding her abuse of process claim or substantiate her damages in relation to this claim as well.

13

**IT IS FURTHER ORDERED** that plaintiff's motion to proceed as next friend for D.L [ECF No. 8] is **DENIED**.

**IT IS FURTHER ORDERED** that an appeal from these Orders shall not be taken in good faith.

Dated this 18th day of September, 2023

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE